**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
JONESBORO  DIVISION

| | | |
|---|---|---|
| REASSURE LIFE INSURANCE | * | |
| COMPANY | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | NO: 3:09CV00133   SWW |
| CAROLYN TURNER; STACY | * | |
| MIRELES; and OTHERS WHO MAY | * | |
| CLAIM AN INTEREST IN LIFE | * | |
| INSURANCE POLICY NO. 9069449 | * | |
| ISSUED NOVEMBER 1, 1989, IN THE | * | |
| FACE AMOUNT OF $10,000 ON THE | * | |
| LIFE OF CHARLES J. TURNER | * | |
| | * | |
| Defendants | * | |
| | * | |
| | * | |

## <u>ORDER</u>

After a conflicting claims arose regarding the proceeds of a life insurance policy,

Reassure Life Insurance Company ("Reassure") commenced this interpleader action pursuant to

28 U.S.C. § 1335.[1]   The Court permitted Reassure to deposit the policy proceeds into the

registry of the Court, and upon the agreement of all parties, the Court dismissed Reassure from

the action.  The action now proceeds solely between the proceed claimants:  Carolyn Turner and

Stacy Mireles.  Now before the Court is Carolyn Turner's motion for summary judgment (docket

entries #19, #20, #27) and Mireles's response in opposition (docket entry #26).  After careful

consideration, and for reasons that follow, the motion for summary judgment will be denied.

---

[1]A district court may exercise jurisdiction under § 1335 when the stakeholder (1) has custody of the disputed property, which must exceed $500 in value, (2) deposits the disputed property into the registry of the court; and (3) two or more adverse claimants of diverse citizenship claim or may claim an interest in the disputed property. *See* 28 U.S.C. § 1335.

## I.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## II.

The following facts are undisputed.[2] Guarantee Life Reserve Life Insurance Company issued a life insurance policy to Charles J. Turner on November 1, 1989, insuring his life. Charles J. Turner married Carolyn Turner on March 31, 1995, and on August 22, 2005 he named her as the beneficiary of his life insurance policy.

On September 8, 2008, Carolyn Turner filed for a divorce in the Chancery Court of Obion County, Tennessee. Pursuant to Tennessee Code Annotated § 36-4-106(d), the divorce court entered a temporary, mutual restraining order that prohibited the Turners from canceling, modifying, terminating, or assigning any insurance policy that named either party as a beneficiary without consent of the other party or leave of court. *See* Tenn. Code. Ann § 36-4-

---

[2]In response to Turner's motion for summary judgment, Mireles, who proceeds *pro se*, states: "My answer to the summary judgment [is] that [what] Ms. Turner is seeking I think is unfair." Docket entry #26, at 1. Because Mireles fails to controvert Turner's statement of material facts filed in support of her motion for summary judgment, all material facts set forth in that filing are deemed admitted. *See* Local Rule 56.1.

106(d)(2).     On October 8, 2008, while the temporary restraining order was still in effect,

Charles Turner changed the beneficiary of his life insurance policy, naming his daughter Stacy

Mireles as the new beneficiary.  Charles Turner died on March 27, 2009, and Carolyn Turner

was appointed  the administrator of his estate.  The record contains no information regarding the

resolution of the Turners' divorce proceedings; however, the order appointing Carolyn Turner as

the administrator of Charles Turner's estate refers to her as "the spouse of the deceased Charles

J. Turner."  Docket entry #20, attach.    Accordingly, it appears that either the Turners' divorce

action abated upon the death of Charles Turner or the proceedings were voluntarily dismissed.

## III.

The terms of Charles Turner's insurance policy gave him the right to change the

beneficiary at any time during the his lifetime, and Carolyn Turner does not claim that she

acquired a vested interest in the policy proceeds.  Instead, she maintains that she is entitled to the

proceeds solely because Charles Turner named Mireles as the beneficiary in violation of the

aforementioned temporary restraining order.   Turner cites no decisional law to support her

claim, and she fails to address which jurisdiction's substantive law applies in this case.[3]   The

Court cannot assume that violation of the temporary restraining order rendered the change of

beneficiary null and void;  "to so recognize the temporary restraining order would be to give it

---

[3]The rule requiring federal courts sitting in a diversity action to look to the choice-of-law
principles of the forum state is fully applicable in interpleader actions.  *See Whirlpool Corp. v.
Ritter,* 929 F.2d 1318, 1320 -1321 (8th Cir. 1991).  In contract actions, when the agreement does
not specify the law to be applied, Arkansas Courts have applied the  "significant contacts" test,
which requires an inquiry into the nature and quantity of each state's contacts with the
transaction at issue.  *Fuller v. Hartford Life Ins. Co.,* 281 F.3d 704, 706 (8th Cir. 2002); *Southern
Farm Bureau Casualty Ins. Co. V. Craven*, 79 Ark. App. 423, 89 S.W.3d 369 (2002).  Here, the
record is void of any information as to where significant events occurred or where the insured
resided during the term of the policy.

the effect of final distribution of marital property." *Briece v. Briece*, 703 F.2d 1045, 1047 (8th Cir.), *cert. denied*, 464 U.S. 850, 104 S. Ct. 159 (1983). In sum, the Court finds that summary judgment is inappropriate on the record currently before the Court.

IT IS THEREFORE ORDERED that Defendant Carolyn Turner's motion for summary judgment (docket entries #19, #27) is DENIED. The Court will enter an amended initial scheduling order following entry of this order.

IT IS SO ORDERED THIS 24TH DAY OF MARCH, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE